Atkinson, J.,
delivered the opinion of the court:
The plaintiff in this suit is an assistant surgeon in the navy who files a claim against the United States for 10 per cent increase of pay for shore duty beyond seas and commutation for quarters from November 16, 1900, to March 16, 1901, inclusive, a period of four months and eleven days, amounting to $168.84.
Plaintiff was attached to the U. S. S. Tosemite at the time she ivas wrecked in a hurricane off the coast of the island of Guam November 16,1900, and- was thereafter assigned by the naval commander of the Asiatic Station to duty on board the government steamer Brutus. He reported as ordered to the naval governor of Guam November 30 and was by him verbally directed to perform shore duty at Agaña, Guam, to look after the health and sanitary condition of the natives.
His claim is based upon the following provisions of law: Sections 1261 and 1262 of the Revised Statutes, and section 13 of the navy personnel act (30 Stats., 1007) which reads:
“ That after June thirtieth, eighteen hundred and ninety-nine. commissioned officers of the line of the Navy and of the *496 Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of laAv for the officers of corresponding rank in the army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty; but this provision shall not apply to warrant officers commissioned under section twelve of this act: Provided further, That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the army detailed for duty in similar places.”
The naval appropriation act of March 3, 1901 (31 Stats., 1108) provides:
“ That officers of the navy, and officers and enlisted men of the Marine Corps, who have been detailed, or may hereafter be detailed, for shore duty in Alaska, the Philippine Islands, Guam, or elsewhere beyond the continental limits of the United States, shall be considered as having been detailed for ‘ shore duty beyond seas,’ and shall receive pay accordingly, with such additional pay as may be provided by law for service in island possessions of the United States.”
That these acts include the plaintiff as a naval assistant surgeon is not controverted, but nevertheless the defendants contend that plaintiff having been detached from duty on the Yosemite and ordered to report to the naval governor of the island of Guam for duty on the U. S. S. Brutus, he therefore is not entitled to shore pay and commutation for quarters, notwithstanding that it is shown the duties which he performed on shore were by direction of the naval governor. But inasmuch as his official assignment -was to sea duty on board the steamer Brutus, he is not entitled to shore pay on the verbal assignment to shore duty. In other words, the claimant was “ not detailed for shore duty beyond seas ” within the meaning of the proviso above quoted; nor does it appear that in addition to his duty on board the Brutus he was assigned to shore duty. Inasmuch as he was assigned to duty on board the Brutus no right of action can be founded on the mere verbal direction of the naval governor to the plaintiff that he come on shore. Such duties as were performed on shore by the plaintiff before official action of the naval governor ordering the plaintiff ashore must be consid *497 ered as temporary service on the part of the plaintiff from the Brutus where he was ordered to be and to remain until a subsequent official direction to leave the ship.
The service of a naval officer on shore duty beyond the seas is exceptional, and to entitle such officer to extra pay therefor he must show that he was detailed for such service.
For the reasons given the petition is dismissed.